UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>and )<br>)<br>THE STATE OF INDIANA, )<br>STATE OF OHIO, and the )<br>NORTHWEST AIR POLLUTION )<br>AUTHORITY, WASHINGTON, )<br>)<br>Plaintiff-Intervenors, )<br>)<br>v. )<br>)<br>BP EXPLORATION & OIL CO., )<br>ET AL. )<br>)<br>Defendants. )<br>_____) | CIVIL ACTION NO. 2:96 CV 95 RL<br>Magistrate Judge Rodovich<br><br>**FILED**<br>FEB 03 2004<br>At_____M<br>STEPHEN R. LUDWIG, Clerk<br>U.S. DISTRICT COURT<br>NORTHERN DISTRICT OF INDIANA |

## UNOPPOSED MOTION FOR PARTIAL TERMINATION OF CONSENT DECREE

Plaintiff, the United States, acting on behalf of the United States Environmental Protection Agency, hereby moves this Court to terminate paragraphs 16, 17 and 21 of the Consent Decree previously entered in this matter. In support of this motion, the United States avers as follows:

1. On August 29, 2001, the Court entered a Consent Decree that resolved alleged Clean Air Act violations of BP Exploration & Oil Co. (BP) in the above-captioned action.

2. Paragraph 86 of the Consent Decree states that:

   When BP has met the requirements set forth below for termination of part or all of this Consent Decree, it may seek termination of part or all of the Consent Decree

as applicable by certifying to the United States, that:

A. For Paragraphs 14 (FCCU NOX and CO), 16 (FCCU SO2), 17 (H&B SO2), and/or 18.A and B (ESPs):

1. The controls required by the Paragraph have been installed;

2. The studies required by the Paragraph have been completed, submitted to EPA, and approved by EPA (to the extent EPA's approval is required);

3. The final emission limits prescribed by the Paragraph have been established and/or become effective and have been incorporated into major or minor new source review permits or other federally enforceable permits, as well as applications for incorporation into its Title V permit;

4. The facility demonstrates that it has been in compliance with those emission limits for twelve consecutive months; and

5. All stipulated penalties due from the facility with respect to that Paragraph have been paid.

3. Paragraph 86 of the Consent Decree further provides that "Certification made under this Paragraph 86.A may be made on a refinery-by-refinery, paragraph-by-paragraph basis.

4. Paragraph 86.E of the Consent Decree provides that:

E. For Paragraphs [sic] 21 (SRPs): For any refinery covered by this Consent Decree, provided that the refinery has: 1) demonstrated compliance with all of the activities and requirements of Paragraph 21; 2) achieved the final emissions limit specified in Paragraph 21 at its SRP for

twelve (12) consecutive months; 3) incorporated that limit into a major or minor NSR permit or other federally enforceable permit and has applied for incorporation into the Facility's Title V permit application and other applicable permits (including state operating permit); and 4) paid all stipulated penalties due from it with respect to Paragraph 21.

5. On September 6, 2001, Tesoro Petroleum Companies, Inc. (Tesoro) purchased the Mandan and Salt Lake City refineries from BP.

6. On October 2, 2001, the Court modified the Consent Decree adding Tesoro as a defendant, thereby making the terms and conditions of the Consent Decree that apply to the Mandan and Salt Lake City refineries legally binding on Tesoro.

7. On July 10, 2003, August 7, 2003, October 7, 2003 and November 7, 2003, Tesoro certified to the U.S. EPA that it successfully completed all its obligations under the Consent Decree with respect to paragraphs 16, 17 and 21 for the Salt Lake City refinery and that it had met the requirements for termination of such paragraphs as provided for in paragraph 86 of the Consent Decree.

8. EPA has considered the certification and other information provided by Tesoro regarding its compliance with the terms of the Consent Decree and agrees that Tesoro has fully and satisfactorily complied with the terms of paragraphs 16, 17 and 21 of the Consent Decree for the Salt Lake City refinery. Accordingly, pursuant to Paragraph 86 of the Consent Decree, the obligations under these paragraphs of the Consent Decree may be terminated for the Salt Lake City refinery.

9. The United States has discussed the substance of this motion with counsel for Tesoro. Counsel for Tesoro has informed the United States that Tesoro does not oppose – and in

fact supports – the relief sought in this motion.

WHEREFORE, the United States respectfully requests that the Court enter the attached proposed Order terminating paragraphs 16, 17 and 21 of the Consent Decree in this action with respect to the Salt Lake City Refinery.

Dated: February 2, 2004.

                                            Respectfully submitted,

                                            THOMAS L. SANSONETTI
                                            Assistant Attorney General
                                            Environment and Natural Resources Division
                                            U.S. Department of Justice

                                            _____
                                            Robert Brook
                                            Assistant Section Chief
                                            Environmental Enforcement Section
                                            U.S. Department of Justice
                                            P.O. Box 7611
                                            Washington, DC 2004-7611
                                            (202) 514-2738